UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIE GREEN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>STEVEN HARPE, )<br>)<br>Respondent. ) | Case No. CIV-25-966-J |

## ORDER

Petitioner, Willie Green, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 626(b)(1)(B),(C). *See* [Doc. No. 5]. Judge Erwin issued a Report and Recommendation [Doc. No. 19] recommending the Court grant Respondent's motion to dismiss. Petitioner has filed an objection to the Report and Recommendation which triggers de novo review. [Doc. No. 20].

In the Report and Recommendation, Judge Erwin concludes that Petitioner's Petition for Writ of Habeas Corpus should be dismissed because Petitioner failed to exhaust his administrative remedies. Petitioner objects to the Report and Recommendation and asserts that he attempted to exhaust but was not allowed to do so. Having reviewed this matter de novo, the Court concludes that Petitioner's Petition should be dismissed for failure to exhaust. Both the Department of Corrections policy and the response Petitioner received from the facility head advised him that his appeal had to be received by the Administrative Review Authority (ARA) within fifteen days of his receipt of the response from the facility head[1] and that the mailbox rule did not apply.

---

[1] Petitioner received the response from the facility head on October 9, 2024. His appeal, therefore, had to be received by October 24, 2024.

Petitioner, however, did not submit the appeal to the ARA until October 22, and it was received by the ARA office on October 29, 2024, after the deadline.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 19], GRANTS Respondent's Motion to Dismiss [Doc. No. 17], and DISMISSES the Petition for Writ of Habeas Corpus [Doc. No. 1]. A certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 6th day of March, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE